**THE TOSCANO LAW FIRM, LLC**
80 Bloomfield Avenue
Suite 101
Caldwell, New Jersey 07006
Phone: 973-226-1691
Facsimile: 973-226-1693
E-mail: ptoscano@pptlawfirm.com

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GRISSEL NIEVES-HALL,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>CITY OF NEWARK, DIRECTOR ANTHONY AMBROSE and CAPTAIN CAMILO MOS,<br><br>　　　　　　　　　　Defendants. | Civil Action No.: 2:19-cv-09755-KN-JBC<br><br>**JOINT DISCOVERY PLAN**<br><br>**Conference Date: February 4, 2020** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and in accordance with Rule 26.1 of the Local Civil Rules of the United States District Court for the District of New Jersey, Plaintiff Grissel Nieves-Hall ("Plaintiff") and Defendants, City of Newark, Anthony Ambrose and Camilla Mos, ("Defendants") (collectively, the "parties") hereby submit the following joint discovery plan:

1. **Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.**

   Attorneys for Plaintiff

   Patrick P. Toscano, Jr.
   ptoscano@pptlawfirm.com
   The Toscano Law Firm, LLC
   80 Bloomfield Avenue, Suite 101
   Caldwell, New Jersey 07006
   Telephone: 973-226-1691
   Facsimile: 973-226-1693

Attorneys for Defendant City of Newark

Cheyne Scott, Esq.
Chasan, Lamparello, Mallon & Cappuzzo, PC
300 Lighting Way
Secaucus, NJ 07094
Telephone: 201-809-6005
Facsimile: 201-348-6633
cscott@chasanlaw.com


Attorneys for Defendant Anthony Ambrose

Victor A. Afanador, Esq.
Lite DePalma Greenberg, LLC
570 Broad Street
Newark, NJ 07102
Telephone: 973-877-3816
Facsimile: 973-623-0858
vafanador@litedepalma.com


Attorneys for Defendant Camilo Mos

Jonathan W. Marotta, Esq.
Sciro & Marotta, P.C.
66 Hamilton Street
Suite 103
Paterson, NJ 07505
Telephone: 973-279-7712
Facsimile: 973-279-0614
johnm@sciromarottalaw.com


1. **Brief statement of the facts underpinning the claims or defenses in the action, as well as a brief statement of the legal issues in the case.**

Plaintiff's Statement

The Complaint filed herein is quite fact specific and directly to the point. The plaintiff has been harassed, abused and retaliated against by Defendant Mos for years, with no oversight or intervention from/by the co-defendants whatsoever.

Defendant City of Newark's Statement

The City of Newark denies all allegations made by plaintiff.

Plaintiff cannot establish that defendant Director Anthony Ambrose ("Ambrose") acted pursuant to some "policy" or "custom" implemented by the City to deprive plaintiff of her rights, which is a predicate element in successfully asserting a claim against the City under 42 U.S.C. §1983 and the New Jersey Civil Rights Act, N.J.S.A. 10:6-2(c). Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978).

Plaintiff's Complaint, are rampant with specious statements and cryptic examples of alleged whistle-blowing activity – none of which facts are legally sufficient to sustain a CEPA claim pursuant to N.J.S.A. 34:19-1, et seq. Plaintiff has not set forth any valid argument as to what conduct perpetrated by the City that she reasonably believed violated a law, rule, or regulation. Plaintiff has also failed to connect her alleged whistle-blowing activity to the alleged retaliation, which further undermines her claim for a "continuing violation." Plaintiff's alleged "pattern of retaliation" is nothing more than discrete, individual events which are in no way proximately tied to her whistle-blowing activity.

Accordingly, the City respectfully requests the dismissal of all claims.

Defendant Anthony Ambrose's Statement

Director Ambrose denies all allegations made against him:

First, the Complaint states in Paragraph 3 that "Ambrose is currently being sued by a substantial number of NPD officers, many of whom are high ranking with the NPD, for frequent wrongful actions he has undertaken akin to what is described below." (Complaint, Paragraph 3). However, Plaintiff does not specify what lawsuits she is referencing; the allegations contained within same; or, how they relate to this instant matter. In the same paragraph, Plaintiff alleges that "Ambrose has allowed Mos to essentially do whatever he (Mos) wants to do to the plaintiff,

without taking any punitive or administrative action towards Mos at any time. By virtue of same, he has approved, endorsed, sanctioned and ratified Mos' conduct toward the plaintiff at all relevant times mentioned hereinafter." (Complaint, Paragraph 3). Yet again, Plaintiff fails to detail any unlawful or illegal conduct committed by Director Ambrose. The allegations contained with Paragraph 3 are illusory and not based in any factual detail against Director Ambrose.

Next, the Plaintiff references Director Ambrose in Paragraph 6, suggesting that "Ambrose takes issue with and harasses/abuses/retaliates against anyone in the NPD who supported Jeffries when he ran for Mayor." (Complaint, Paragraph 6). However, Plaintiff does not detail the harassment, abuse, or retaliation allegedly committed by Director Ambrose. This paragraph is a classic illustration of Plaintiff's failure to plead facts, thus warranting the dismissal of this action.

Thereafter, Paragraph 18 reads: "Ambrose was well aware of all that was being done to the plaintiff and, with deliberate indifference thereto, abandoned the plaintiff and let her continue to be subjected to Mos' relentless, unyielding, persistent and inexorable wrath." (Complaint, Paragraph 18). Although plead with a dramatic flair, there are absolutely no facts provided which could possibly support these above-mentioned allegations. Plaintiff provides no examples, nor instances, of Director Ambrose' awareness of anything. Frankly, Director Ambrose is left to guess at what is being alleged against him.

Lastly, Plaintiff blames Director Ambrose and the Co-Defendants for a "constructive discharge," (Complaint, Paragraph 26), with no adverse employment action plead. She states that Director Ambrose acted "in a concerted and pre-planned effort to force the plaintiff to resign from the NPS." (Complaint, Paragraph 26). These statements are merely quasi-legal in nature, without adequate factual support. Plaintiff does not set forth facts against Director Ambrose, which suggest that he was in any way attempting to interfere with Plaintiff's employment.

In short, there are no facts provided, nor any context, for any of these serious allegations against Director Ambrose. As such, Director Ambrose is entitled to an order dismissing any and all claims against him.

<u>Defendant Camilo Mos' Statement</u>

Captain Camilo Mos denies all allegations made by Plaintiff. We would refer the Court to our filed answer along with all enumerated defenses.

2. **Have settlement discussions taken place? Yes _____ No  X   **

    (a) What was plaintiff's last demand?

        (1) Monetary demand: **$350,000.00**

        (2) Non-monetary demand: **N/A**

    (b) What was defendants' last offer?

        (1) Monetary offer: **N/A**

        (2) Non-monetary offer: **N/A**

3. **A description of all discovery conducted by the parties to date.**

None.

4. **A description of all discovery problems encountered to date, the efforts undertaken by the parties to remedy these problems, and the parties' suggested resolution of the problems.**

Not applicable.

5. **A description of the parties' further discovery needs.**

The parties anticipate engaging in written discovery and taking depositions of Plaintiff and current and certain former employees of the City of Newark and other relevant witnesses regarding Plaintiff's claims and alleged damages.

6. **The parties' estimate of the time needed to complete discovery.**

    (a)    Fed. R. Civ. P. 26 Disclosures to be exchanged by **March 6, 2020**.

    (b)    Service of initial written discovery by **March 20, 2020**.

    (c)    Maximum of **25** Interrogatories by each party to each other party.

    (d)    Maximum of **10** depositions to be taken by each party.

    (e)    Motions to amend or to add parties to be filed by **July 1, 2020**.

    (f)    All fact discovery to be completed by **September 1, 2020**.

7. **A statement regarding whether expert testimony will be necessary, and the parties' anticipated schedule for retention of experts and submission of their reports.**

   Defendants anticipate retaining an expert only in response to any expert witness offered by Plaintiff. Should expert testimony become necessary, the parties propose the following schedule:

       (a)    Plaintiff's expert report due on **November 1, 2020**.

       (b)    Defendant's expert report due on **December 15, 2020**.

       (c)    All expert discovery completed by **March 2, 2021**.

       (d)    Dispositive motions to be served within **60** days of completion of all discovery.

       (e)    A pretrial conference may take place at the Court's convenience within **30** days after the resolution of dispositive motions.

       (f)    Trial date: At the Court's convenience.

8. **A statement regarding whether there should be any limitation placed upon use of any discovery device and, if so, the reasons the limitation is sought.**

   Plaintiff and Defendants reserve the right to seek a protective order with regard to the employment records of the Plaintiff and as to any confidential or proprietary information sought by the Defendants.

9. **A description of any special discovery needs of the parties (e.g., videotape/telephone depositions, problems with out-of-state witnesses or documents, or discovery of digital information).**

   Certain of the fact witnesses may be located out-of-state, which may require that depositions be taken by videotape/telephone.

10. **State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.**
    To be determined after discovery.

We [do _____ do not \_\_X\_\_ ] consent to the trial being conducted by a **Magistrate Judge at this time.**

**THE TOSCANO LAW FIRM, LLC**
Attorneys for Plaintiff Grissel Nieves-Hall

By: _____
      Patrick P. Toscano, Jr.

**CHASAN, LAMPARELLO, MALLON & CAPPUZZO, PC**
Attorneys for Defendant City of Newark

By: _____
      Cheyne Scott, Esq.

**LITE DEPALMA GREENBERG, LLC**
Attorneys for Defendant Anthony Ambrose

By: _____
      Victor A. Afanador, Esq.

**SCIRO & MAROTTA, P.C.**
Attorneys for Camilo Mos

By: _____
      Jonathan W. Marotta, Esq.